# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Luann Marotte,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>University of Minnesota,<br><br>　　　　Defendant. | Civil File No. 19-314<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Luann Marotte, for her complaint against Defendant University of Minnesota, states and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction under 28 U.S.C. § 1331 to hear this Complaint and to adjudicate the claims stated under the Equal Pay Act, 29 U.S.C. § 206 and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq*. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

2. Venue in the United States District Court for the District of Minnesota is proper under 28 U.S.C. § 1391(b)(1) because Defendant University of Minnesota is domiciled within this District; and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims occurred in this District.

3. This Court has personal jurisdiction over Defendant University of Minnesota because Defendant conducts business within this District.

## PARTIES

4. Plaintiff Luann Marotte is a Minnesota resident. At all relevant times, Ms. Marotte was and remains Defendant's employee within the meaning of the Equal Pay Act.

5. Defendant University of Minnesota is a public, state-owned and operated university with

1

its main campus located in Minneapolis and St. Paul, Minnesota, in the counties of Hennepin and Ramsey respectively. At all relevant times, Defendant employed and continues to employ Plaintiff; and was and remains Plaintiff's employer within the meaning of the Equal Pay Act.

## FACTUAL BACKGROUND

6. Ms. Marotte, a female, has been employed by Defendant University of Minnesota since in or around December 2015 as a Purchasing Professional 2.

7. As a Purchasing Professional 2, Ms. Marotte was paid an hourly wage.

8. Ms. Marotte's job performance of her duties and responsibilities was satisfactory or better at all times relevant herein, and she has been subjected to no employment disciplinary actions.

9. At or about the same time Defendant hired Ms. Marotte, Defendant also hired a male employee as a Purchasing Professional 2. Defendant hired two additional male employees for the position of Purchasing Professional 2 in or about July 2018 and September 2018 (all three collectively, the "Male Employees").

10. Defendant's job posting for each Purchasing Professional 2 position consisted of the same job summary, title, and qualifications as Ms. Marotte's position.

11. At all times relevant herein, Ms. Marotte possessed as much as or more education, experience, and training than the Male Employees.

12. At all times relevant herein, Ms. Marotte had as many or more responsibilities and performed as many or more tasks requiring equal skill, effort, and responsibility as the Male Employees, under similar working conditions.

13. On information and belief, Defendant paid each of the Male Employees a higher hourly wage than Ms. Marotte.

14. On information and belief, the pay differential for the Male Employees was not the result

of a seniority system, a merit system, a system that measures quantity or quality of production, or based on a factor other than gender.

15. As a result of Defendant's discrimination, Ms. Marotte has suffered and will continue to suffer harm, including loss of wages and benefits; and mental, emotional, and physical pain and anguish.

**COUNT I**
**VIOLATION OF THE EQUAL PAY ACT**
**29 U.S.C. § 206**

16. Plaintiff hereby realleges and incorporates the above paragraphs of her Complaint.

17. Ms. Marotte and Defendant are employee and employer, respectively, for purposes of the definition set forth in 29 U.S.C. § 203.

18. 29 U.S.C. § 206 requires an employer to provide equal pay for men and women who perform equal work within an establishment unless the pay differential is justified by a statutory exception.

19. Ms. Marotte's position with Defendant involved equal work in jobs that required equal skill, effort, and responsibility, and that were performed under similar working conditions, as the Male Employees' positions with Defendant.

20. Defendant paid Ms. Marotte at a lower wage than the Male Employees for equal work.

21. Defendant lacked a valid legal reason or authority for failing to pay Ms. Marotte equally to the Male Employees.

22. Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by law.

23. As a result of the aforesaid willful violations of the Equal Pay Act, Ms. Marotte is entitled to recovery of her unpaid wages, an additional equal amount as liquidated damages, pre-judgment

interest, and reasonable attorney's fees and costs of this action.

## COUNT II
### VIOLATION OF THE MINNESOTA EQUAL PAY FOR EQUAL WORK LAW
### Minn. Stat. §§ 181.66 *et seq.*

24. Plaintiff hereby realleges and incorporates the above paragraphs of her Complaint.

25. Ms. Marotte and Defendant are employee and employer, respectively, for purposes of the definition set forth in Minn. Stat. § 181.66.

26. Minnesota's Equal Pay for Equal Work Law, Minn. Stat. § 181.67, requires an employer to provide equal pay for men and women who perform equal work within an establishment unless the pay differential is justified by a statutory exception.

27. Ms. Marotte's position with Defendant involved equal work in jobs that required equal skill, effort, and responsibility, and that were performed under similar working conditions, as the Male Employees' positions with Defendant.

28. Defendant paid Ms. Marotte at a lower wage than the Male Employees for equal work.

29. Defendant lacked a valid legal reason or authority for failing to pay Ms. Marotte equally to the Male Employees.

30. Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by law.

31. As a result of the aforesaid willful violations of Minnesota law, Ms. Marotte is entitled to recovery of her unpaid wages, exemplary damages, pre-judgment interest, and reasonable attorney's fees and costs of this action.

## COUNT III
### DISCRIMINATION ON THE BASIS OF SEX
### TITLE VII OF THE CIVIL RIGHTS ACTS OF 1964 AND 1991
### 42 U.S.C. §§ 2000e *et seq.*

32. Plaintiff hereby realleges and incorporates the above paragraphs of her Complaint.

33. Defendant is a public institution receiving federal financial assistance with more than 15 employees.

34. 42 U.S.C. § 2000e-2(a) prohibits an employer from discriminating against any individual with respect to their compensation, terms, conditions, or privileges of employment because of sex.

35. Defendant discriminated against Ms. Marotte on the basis of sex, a protected characteristic under Title VII, by paying her a lower wage than the Male Employees for parallel jobs with the same levels of responsibility.

36. As a direct and proximate result of Defendant's sex discrimination, Ms. Marotte has suffered and continues to suffer damages, including but not limited to past and future wage loss, mental anguish, emotional distress, loss of reputation, humiliation, embarrassment, lost wages and benefits, lost earning capacity, and other serious damages in an amount to be determined at trial.

## COUNT IV
## DISCRIMINATION ON THE BASIS OF SEX
## MINNESOTA HUMAN RIGHTS ACT
## Minn. Stat. §§ 363A.01 *et seq.*

37. Plaintiff hereby realleges and incorporates the above paragraphs of her Complaint.

38. Ms. Marotte and Defendant are employee and employer, respectively, for purposes of the definition set forth in Minn. Stat. § 363A.03.

39. Minn. Stat. § 363A.08 prohibits an employer from discriminating against any individual with respect to their compensation, terms, conditions, or privileges of employment because of sex.

40. Defendant discriminated against Ms. Marotte on the basis of sex, a protected characteristic under the Minnesota Human Rights Act, by paying her a lower wage than the Male Employees for parallel jobs with the same levels of responsibility.

41. As a direct and proximate result of Defendant's sex discrimination, Ms. Marotte has

suffered and continues to suffer damages, including but not limited to past and future wage loss, mental anguish, emotional distress, loss of reputation, humiliation, embarrassment, lost wages and benefits, lost earning capacity, and other serious damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff Luann Marotte prays for relief as follows:

1. Judgment in favor of Plaintiff and against Defendant awarding Plaintiff back pay, front pay, damages for emotional distress, and compensatory damages in an amount to be determined at trial, together with liquidated damages and/or treble damages as allowed by law.

2. Awarding Plaintiff her reasonable costs, disbursements, witness fees, attorney's fees, and pre-judgment interest.

3. Awarding such other and further relief as the Court deems just and proper.

**TARSHISH CODY, PLC**

Dated: February 11, 2019

*/s/ Scott Cody*
Scott Cody (#392137)
6337 Penn Avenue South
Richfield, MN 55423
Tel: (952) 361-5556
Fax: (952) 361-5559
scody@attorneysinmn.com
***Attorneys for Plaintiff Luann Marotte***